## JOHN O. RANDOLPH *et al.*
### *v.*
## THOMPSON G. ONSTOTT.

1. **ALLEGATIONS AND PROOFS—***must correspond.* A party can not make one case by his pleading, and another and different case by his proofs, and recover.

2. So where it was alleged in a petition to enforce a mechanic's lien, that the materials were furnished on an implied contract to pay for them on delivery, but the proof showed an express contract to pay for them, fifty dollars in cash, and the balance in thirty days, it was *held,* no recovery could be had, by reason of the variance.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was a petition filed by Thompson G. Onstott against John O. Randolph and James S. Walker, to enforce a mechanic's lien against certain premises, for materials furnished by the complainant to Randolph, used in the erection of a building thereon. The petition averred that Randolph placed the materials on the land, under some claim of right and title, with the full knowledge and consent of Walker, who claimed to hold the fee in the premises. Upon a final hearing, the court decreed the claim of complainant a lien on the premises. The defendants appeal.

Mr. LUTHER DEARBORN, for the appellants.

Messrs. LACEY & WALLACE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding to enforce a mechanic's lien. The allegation in the petition is, that the materials were furnished on an implied contract to pay for them on delivery.

The petitioner, Onstott, was sworn as the witness to prove his case, and he testified to an express contract to the effect, that Randolph was to pay him for the materials, $50 in cash, and the balance in thirty days.

It is the settled doctrine of this court, that a party can not make one case by his pleading, and another and different case by his proofs. *McKay* v. *Bissett et al.* 5 Gilm. 499; *Morgan* v. *Smith et al.* 11 Ill. 194; *Rowan* v. *Bowles et al.* 21 ib. 17; *Burger* v. *Potter*, 32 ib. 66.

The case of *Bush et al.* v. *Connelly et al.* 33 ib. 447, was an action to enforce a mechanic's lien, and this court said, when it was alleged in the bill that the work was to be paid for when fully completed, and the proof was that it was to be paid for by a stipulated time, no recovery could be had, by reason of the variance.

There is no point made on the fact that the decree is also against Walker, the owner of the lot. The error allowed, however, reverses the entire decree, and he can not be injured.

The decree must be reversed.

*Decree reversed.*