(No. 21062.—
JACKSON A. ROOF *et al.* Appellees, *vs.* KETTURNIA ANN RULE *et al.*—(HANNAH HOVEY *et al.* Appellants.)

*Opinion filed April 23, 1932.*

JOSEPH E. BARNES, ROBERT H. ALLISON, and WILLIAM A. POTTS, for appellants.

SCOTT W. LUCAS, and LYMAN LACEY, JR., for appellees.

Mr. COMMISSIONER EDMUNDS reported this opinion:

This is an appeal from a decree of the circuit court of Mason county ordering partition of certain real estate.

On July 18, 1862, Pollard Simmons was seized of the property in question. The bill alleges that on said date he conveyed it to his daughter, Harriet E. Rule, and her bodily heirs, "as by the said deed when produced and by a certified copy of the same hereto attached and marked 'Exhibit A' and made a part of this bill for greater certainty will more fully appear." The premises of "Exhibit A" read as follows: "This indenture, made this eighteenth day of July in the year of our Lord one thousand eight hundred and sixty-two, between Pollard Simmons, of Mason county, Illinois, of the first part, and Harriet E. Rule, of the same county and State, of the second part: Witnesseth, that the said party of the first part, for and in consideration of eight hundred dollars and ...... cents in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged and the said party of the second part forever released and discharged therefrom, has granted * * * and by these presents do grant * * * unto the said party of the second. part, and to her heirs and assigns forever, all the following described lot, piece or parcel of land," etc. The *habendum* reads as follows: "Together

with all and singular the hereditaments and appurtenances thereunto belonging, \* \* \* to have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, her bodily heirs and assigns forever." Then the exhibit proceeds: "And the said Pollard Simmons, party of the first part, his heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, ... heirs and assigns, that \* \* \* and the above bargained premises, in the quiet and peaceable possession of the said party of the second part, her bodily heirs and assigns, against all and every person or persons lawfully claiming \* \* \* will warrant and forever defend."

On January 4, 1863, for a consideration of $1100, "John A. Rule and H. E. Rule, his wife," executed a warranty deed conveying the land in fee to Harvey J. Hedrick. All of the defendants named in the bill, except Keiturnia Ann Rule, are in possession of the premises, claiming by and through a connected chain of conveyances from Hedrick. Mrs. Rule died August 17, 1926. Four children were born to her. Two of these children died during her lifetime and before the death of her husband, John A. Rule, leaving no descendants. One daughter, Sophia Roof, died during the lifetime of Mrs. Rule, leaving as her heirs, her husband, Jackson A. Roof, her mother and her sister, Keiturnia Ann. Keiturnia is still living but is an incompetent person, being represented in this proceeding by a conservator. Roof was the original complainant in this suit. He died after filing the bill and heirs were substituted as parties complainant. The prayer of the bill is that the premises be partitioned between Keiturnia and the heirs of Roof and that all other parties be decreed to have no interest therein.

The chancellor found that the deed executed by Simmons conveyed the property to his daughter, Harriet E. Rule, "and her bodily heirs;" that Harriet by reason of

the statutes of this State became seized of the property for her natural life, only, with a vested remainder in fee in her children; that after the execution by her of the warranty deed to Hedrick she became vested by inheritance from her three deceased children with an undivided 65520/241920ths of each of the tracts into which the property was divided by conveyances from Hedrick; that by reason of the covenants in her deed this after-acquired title passed to and now is vested in fee in the grantees of Hedrick; that certain of said grantees have made substantial improvements upon the property, and in the partitioning that portion of the premises upon which the improvements have been made should, if possible, be set off to said grantees, and that Keiturnia Ann Rule and the heirs of Jackson A. Roof are entitled to the other interests in the property. The decree ordered partition to be made among the several parties according to their respective rights and interests therein. The appeal was brought to this court by the defendants claiming under the deeds from Hedrick, and cross-errors have been assigned by counsel for Keiturnia and the heirs of Roof.

Appellants take the position that the deed from Simmons to Harriet E. Rule should be construed to convey to her a title in fee simple, but that if it be construed to convey to her a life estate, only, then, by virtue of the deed from her and John A. Rule to Hedrick, the after-acquired interests of both John and Harriet inured to Hedrick and his successors in title. Appellees contend that the chancellor was right in finding that the deed conveyed to Harriet a life estate, only, but erred in holding that the title acquired by her from her children inured to Hedrick and his successors in title and that such successors were entitled to an allowance or consideration for improvements made.

The primary issue here presented was thoroughly considered in *Nave* v. *Bailey,* 329 Ill. 235. We there adhered to the rule that where the *habendum* tends to cut down the

estate given by the granting clause so that two repugnant estates are granted, the granting clause prevails over the *habendum* and the latter becomes of no effect. In that case, as here, the granting clause employed language conveying a fee, while the words used in the *habendum,* if given effect, would create an estate in fee tail at common law. Granting that at common law an *habendum* limiting an estate in fee tail is not necessarily contradictory of premises granting an estate in fee simple, we called attention to the statutory change made in this State in accordance with which estates which at common law would have been in fee tail are adjudged to be estates for the natural life of the grantee, with remainder in fee simple absolute to the person or persons to whom the estate tail would on the death of the first grantee first pass. In concluding our discussion of the point we said: "Since by section 6 of the Conveyance act an estate tail has been abolished and replaced in Illinois by a life estate in the grantee, with remainder in fee in those specified, the common law rule that an estate tail is not repugnant to a fee cannot apply. The grant of a life estate is repugnant to the grant of a fee. So viewed, the *habendum* in this deed cannot be said to be merely explanatory of the premises but is repugnant thereto, and under the rules here stated the premises of the deed must obtain and the *habendum* be discarded regardless of the intention of the grantor." By the same. token the premises of the deed in the present case must obtain and the *habendum* be discarded.

Appellees argue, however, that the original deed from Simmons to Harriet E. Rule shows a material alteration; that appellants made no explanation of the erasures, and that in the absence of such explanation they cannot claim any benefit thereunder. This argument is without proper foundation. The record discloses that the original deed was offered in evidence not by counsel for appellants but by one of counsel for appellees, who had had it in his possession for a number of years under circumstances testified

to by him, and who said: "I am offering it for two purposes: one for the purpose of deraigning title, and for the purpose of showing a forgery as attempted to have been committed." Counsel for appellants objected to its admission for any purpose "except in the matter relating to the title in the premises involved." Counsel for appellees then offered in evidence "a certified copy of the deed just introduced in evidence, said certified copy being attached to the original bill filed in this cause as an exhibit." This copy was certified by the county recorder.

The allegations of the bill that the Simmons deed was to Harriet E. Rule and her bodily heirs are controlled by "Exhibit A," therein referred to. (*Armstrong* v. *Building Ass'n,* 176 Ill. 298.) Under the holding in the *Nave case* the only possible construction of "Exhibit A" is that the Simmons deed vested Mrs. Rule with title in fee simple. We think counsel for appellants are warranted in taking the position that appellees' case must be held to be based upon the wording of the deed as it is set forth in "Exhibit A." Appellants joined issue upon that basis. It was for appellees, as complainants, to make their case in accordance with the theory which they invoked. From inspection of the deed itself, which has been certified to this court as an original exhibit, it appears that "Exhibit A" follows its wording. Counsel followed its introduction in evidence by putting "Exhibit A" in evidence. The bill would not sustain a decree based upon the theory that "Exhibit A" is not a true copy of the deed as it was at the time of execution and delivery, and in the last analysis that is the contention which counsel are now urging. There are no averments in the bill to support evidence of forgery or alteration. One is not entitled to recover unless there are averments in the bill to support the evidence. (*Fisher* v. *Burks,* 274 Ill. 363.) Moreover, a complainant in a chancery suit cannot make one case by his bill in the lower court and on a review by a reviewing court be allowed to

make another and entirely different one. This court has frequently so declared, and we have also expressly declared that "this court reviews a case presented to the trial court and does not sit to try issues presented for the first time in this court." (*Wollenberger* v. *Hoover*, 346 Ill. 511.) Appellees having based their case in the lower court upon an instrument as set forth in "Exhibit A," they cannot in this court assert rights predicated on the theory that what "Exhibit A" sets forth is a forged deed and that they have rights which spring from words which do not appear in "Exhibit A."

The decree of the circuit court is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*