G. H. Leffers, Appellee, v. W. D. Hayes, Appellant.

Gen. No. 10,040.

term, 1945. Heard in this court at the October Opinion filed December 13, 1945. Rehearing denied February 6, 1946. Released for publication February 6, 1946.

EDWARD F. RIELY, of Minonk, for appellant.

FORT & FORT, of Minonk, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court. G. H. Leffers, a building contractor, brought suit in the circuit court of Woodford county against W. D. Hayes, to establish and foreclose a mechanic's lien on premises owned by the defendant. The complaint was based on a written contract between the parties, dated September 22, 1934, for the construction of a dwelling house in the City of Minonk at the price of $5,902.34, plus extras, and alleged completion of the contract on October 29, 1935, and a balance of $1,481.52 to be due and unpaid, including extras furnished.

The defendant answered, admitting the written contract, denying completion, setting up numerous alleged failures and breaches by the plaintiff, disputing some of the charges for extras, setting up a final certificate of the architect under the contract in favor of the plaintiff for $353, alleging the value of the extras furnished as not in excess of $328.07, and tendering into court the sum of $682.40, together with the accrued costs. The answer further alleged that the suit could not be maintained because the final certificate of the architect was not disputed within 10 days, and thereby became final and binding under the provisions of article 12 of the contract, and alleged that the defendant and his wife were entitled to an estate of homestead in the premises. He also filed a counterclaim for $373.99, including an item of $29.99 for merchandise sold to the plaintiff, and other items on account of alleged breaches of the contract by the plaintiff. Issues were joined, and thereafter the plaintiff filed an amended complaint consisting of two counts, the first of which seeks foreclosure of a mechanic's lien. Paragraph 5 alleges that on or about October 3, 1934, articles 2 to 12, inclusive, of the written contract, (except article 9),

were mutually set aside and vacated by the parties, and that all of article 9 except the contract price of $5,902.34, subject to additions and deductions, was also mutually set aside and vacated; that the defendant directed the plaintiff to proceed with the construction of a dwelling house according to plans and specifications furnished by the defendant to the plaintiff, as modified from time to time; that performance of the latter contract was completed on October 29, 1935; and that $1,475.52 was due and unpaid thereunder. The second count is at law for damages on account of alleged breaches of the contract by the defendant and alleged failures to comply therewith, asking damages of $412.20. An order was entered extending the defendant's answer to the amended complaint, and the cause was referred to the master.

Certain of the plaintiff's exceptions to the master's report were sustained, others of his exceptions, and all of the exceptions of the defendants, were overruled, and the court entered a decree finding that the parties, by their respective acts and actions, and their respective lack of acts and actions, vacated and set aside articles 3 and 12, and a portion of article 8, of the written contract, and that the remainder of such written contract is still in force and effect. The decree dismissed the second count of the amended complaint, disallowed certain charges for extras and certain credits claimed by the defendant, allowed the $29.99 item of the counterclaim, and decreed a lien on the premises in favor of the plaintiff for $866.15, ordering a sale in case of default in payment.

The decree further found that the defendant entered into possession and occupation of the residence on July 27, 1935, and that the residence was completed on October 29, 1935; that the wife of the defendant had knowledge of the improvement being made, and gave no written notice of any objection or that she intended to save any dower right; that she was not a necessary

party on the question of homestead, for the reason that the defendant was the only party who could claim an estate of homestead in the premises, and that her objection that she was joined too late was sustained; and that the architect perpetrated a gross mistake in placing in his final certificate credits to the amount of $252 to the defendant. The cause is here on an appeal by the defendant and a cross-appeal by the plaintiff. For convenience they will be hereinafter referred to as appellant and appellee, respectively.

First as to the motions made in this court. Appellant's motion to amend the abstract by inserting therein the date of filing his notice of appeal, corresponding with the date shown in the record, is allowed. (*Francke v. Eadie,* 373 Ill. 500.)

A motion by appellee for leave to amend the amended complaint, appellant's motion to strike that motion, and another motion by appellee to strike appellant's reply brief, were taken with the case.

Appellee's motion for leave to amend the amended complaint proposes to strike therefrom paragraph 5 of count 1, above mentioned, and to substitute therefor allegations conforming to the findings in the decree as to the portions of the written contract held to have been set aside and vacated by the parties, and that all the remainder of the written contract is still in full force and effect; also to strike paragraph 8 of count 1; alleging that upon the setting aside of the written contract; the defendant became liable to pay the plaintiff the reasonable value of the materials furnished and services rendered; and by inserting an additional paragraph, alleging in effect that the architect had no authority to insert the items of credit to the defendant mentioned in his final certificate, and committed fraud in so doing. The ground of the motion is that such amendments will make the complaint conform to the proofs.

While all the testimony in the case does not appear in the record, the portions included sufficiently show that the decree is correct as to the portions of the written contract which were set aside and vacated by the parties, and that the remainder of the written contract is still in full force and effect, and the holding is not in any way challenged or complained of by appellant. ·

██ There is a general rule of law, invoked by appellant, that a party cannot make one case by his pleading, and another and different case by his proofs. (*Randolph v. Onstott,* 58 Ill. 52, 53; *Dorn v. Geuder,* 171 Ill. 362, 369.) It is also a familiar rule that before a party is entitled to a decree his allegations and proofs must agree, otherwise his complaint must be dismissed, if no amendment is made, (*Field v. Field,* 319 Ill. 268, 270); and that a party cannot try a case on one theory in the trial court and on another theory in a court of review. (*Chicago Title & Trust Co. v. De-Lasaux,* 336 Ill. 522, 529; *Roof v. Rule,* 348 Ill. 370, 375.) The last mentioned doctrine is applied when no amendment is made in the reviewing court.

██ While the amended complaint alleged an oral contract, and the trial court found that the work was performed under the written contract, (each with the exceptions therein mentioned), it is manifest that the cause of action asserted in the amended complaint grew out of the same transaction set up in the original complaint. That is,—the construction of a dwelling house for the price of $5,902.34, subject to additions and deductions. If the decree in this case be reversed on the ground that the proofs do not correspond with the allegations of the amended complaint, appellee, on remandment, could amend his amended complaint in this particular, under the provisions of section 46 of the Civil Practice Act, (Ill. Rev. Stat. 1945, ch. 110, par. 170 [Jones Ill. Stats. Ann. 104.046]). (*Douglas Lumber Co. v. Chicago Home for Incurables,* 380 Ill.

87, 98; *Metropolitan Trust Co. v. Bowman Dairy Co.,* 369 Ill. 222, 229.) And, upon his so doing, the decree would again be subject to review on the same other questions presented on this appeal. Section 92 of the same Act, (par. 216 [104.092]), providing in sub-par. (a) that a reviewing court may, in its discretion, exercise all or any of the powers of amendment of the trial court, was obviously designed to do away with such circuitous and cumbersome practice. Appellant's answer sufficiently covers the proposed amendment, and he cannot be harmed by its being allowed in this particular in this court. His motion to strike appellee's motion for leave to amend is denied. The amendment, in so far as it conforms to the findings in the decree as to the portions of the written contract which were set aside and vacated by the parties and that the remainder of the written contract is still in full force and effect, is allowed, and is considered as filed. Our conclusions in this respect make it unnecessary to further discuss appellant's contentions that the court erred in finding that the plaintiff was entitled to a mechanic's lien upon grounds other than as alleged in the amended complaint.

As to that portion of the amendment relating to the architect, no facts tending to show any fraud on his part are alleged, and the most that can be said of the allegations is that they allege a want of authority on his part to place the credits in his final certificate, which question is cognizable under the issues, without any additional allegation. That part of the motion to amend, relating to the architect, is denied.

Appellee's motion to strike appellant's reply brief claims that it is not shown to have been filed within the provisions of rule 3 of this court, and that appellant has not complied with the rules of court for the preparation of briefs and abstracts, but he does not point out or suggest any provision of any rule that was not complied with. The remainder of his motion

is largely an argument as to the weight to which the reply brief is entitled, a matter not cognizable under a motion to strike. The motion to strike the reply brief is denied.

The plaintiff's statement of account attached to the amended complaint claims $850.33 for extras, including $400 for alleged delays caused by the defendant, which, with the contract price of $5,902.34, made a total charge of $6,752.67, with credits of $5,000 paid, and $277.15 for omissions and changes, leaving an alleged balance of $1,475.52 as due and unpaid.

The amount of the decree was arrived at by allowing $392.45 of the claimed extras, crediting the defendant with $5,000 paid, $277.15 allowed credits in the plaintiff's statement, $101 for other deductions, and allowing the $29.99 item for merchandise under the counterclaim. Other items of extras claimed by the plaintiff amounting to $58.38, and other credits claimed by the defendant under the architect's final certificate, to the amount of $252, were expressly disallowed, and the amount of the decree eliminates the $400 charge of the plaintiff for alleged delays caused by the defendant. The architect's final certificate mentioned in the answer as being for $353 in favor of the plaintiff, was in fact for $345.39 net, in his favor, on his statement of $698.39, after deductions of $353 in favor of the defendant, of which deductions the court allowed $101 and disallowed $252 as above mentioned. The effect of the court's action was to increase the amount due under the final certificate from $345.39 to $597.39. The items in the architect's final certificate disallowed by the court are: (1) a credit of $150, of which $100 was based on an alleged unwarranted delay of four months in completing the contract, at $25 per month, and the other $50 was for extra services of the architect during that period; (2) 2 tons of coal, $9; (3) front walk repairs, $42; (4) rough plaster, $50; and (5) moving stove, $1; totalling $252.

Article 3 of the written contract provides that no alterations shall be made in the work, except upon written order of the architect, the amount to be paid by the owner or allowed by the contractor, and for arbitration of any dispute as to such amount, as provided in article 12. That portion of article 8 found by the court to be still in force provides that the owner shall provide all labor and materials not included in the contract, and in case of delay in so doing so as to cause loss to the contractor or if the contractor delays the work so as to cause loss to the owner, the party at fault shall reimburse the other party. That portion of article 8 found by the court to have been set aside and vacated provides for arbitration of any dispute as to the amount due thereunder, as provided by article 12. The pertinent portion of article 9 provides for interim payments by the owner to the contractor, and final payment within 30 days after completion of the work, to be made only on certificates of the architect, and that all payments shall be due when certificates are issued. Article 10 provides that no certificate given or payment made under the contract, except the final certificate or final payment, shall be conclusive evidence of the performance of the contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials. Article 12 provides for arbitration of all disputes where written dissent from the decision of the arbitrator on matters of payment, allowance, or loss, under articles 3 or 8, are filed with him within 10 days after the announcement of his decision.

As to the question of whether the defendant's wife was a necessary party, section 11 of the Mechanics' Lien Act, (Ill. Rev. Stat. 1945, ch. 82, par. 11 [Jones Ill. Stats. Ann. 74.11]), provides: ''The plaintiff or petitioner shall make all parties interested, of whose interest he is notified or has knowledge, parties defendant . . . . Parties in interest, within the

meaning of this act, shall include . . . all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit.'' The statute contemplates but one suit, and that all persons who are known to have any interest, either legal or equitable, in the land, shall be joined as parties. (*Granquist v. Western Tube Co.,* 240 Ill. 132, 138.) In *Kimball v. Cook,* 1 Gilm. 423, cited with approval in the *Granquist* case, it was held that under this statute, requiring ''all parties in interest'' to be made parties to the petition, all persons whose interest, either legal or equitable, direct or remote, may by any possibility be affected by the proceeding were necessary parties, as much as in any chancery suit whatever. See also *Williams v. Chapman,* 17 Ill. 423. In *Weston v. Weston,* 46 Wis. 130, it was held that the wife of the defendant was a necessary party to a proceeding to foreclose a mechanic's lien. In Thompson on Homestead, sec. 695, it is said: ''Since, then, the wife has, in nearly all states, a substantive interest or estate in the homestead, of which she cannot be deprived by the sole act or default of her husband, it follows that to any proceeding directly affecting such right, she is a necessary party, in order to save the rights of the complainant or her own.''

In *Bailey v. Hamilton,* 337 Ill. 617, 622, the court said in the opinion: ''It is true that where the parties are living together the husband is ordinarily the proper person to assert the right of homestead. Under those circumstances the homestead cannot be set off to the wife alone. (*Hagerty v. Hagerty,* 149 Ill. 655.) But it does not follow from this that she does not have an individual interest in the homestead, for she does have a continuous right of occupancy, which is real and substantial. In *Dinquel v. Dacco,* 273 Ill. 117, it is said that a homestead is an estate in land

vested in the householder. And this is true. It is also more than that. It is an estate which gives to the spouse of the householder a right to present enjoyment of it even against the wishes of such householder. It cannot be conveyed without her signature, and if the husband abandons her and her family, it continues in her.

While, during the life of the householder, the estate of homestead in the spouse is not a freehold so as to give the Supreme Court jurisdiction of a direct appeal on the question of the rights of the spouse in a suit between them, and is not unlike an inchoate right of dower, as held in *Bennett v. Bennett*, 318 Ill. 193, 196; *Taylor v. Taylor*, 223 Ill. 423; and while separate homestead estates cannot co-extensively exist in the same premises at the same time, (*Johnson v. Muntz*, 364 Ill. 482), where the owner was paid $500 as his interest in the homestead upon a sale under execution, and it was held that his wife could not recover the other $500, none of those cases, relied upon by appellee, have any application here.

The provisions of section 1 of the Mechanics' Lien Act [Ill. Rev. Stat. 1945, ch. 82, par. 1; Jones Ill. Stats. Ann. 74.01] that the lien ''shall be superior to any right of dower of husband or wife in said premises: Provided, the owner of such interest had knowledge of such improvement and did not give written notice of his or her objection to such improvement before the making thereof,'' invoked by appellee, cannot be held to mean that it obviates the necessity of the spouse having his day in court as a party to any proceeding that might deprive him or her of such dower right. Due process of law forbids any such interpretation of the statute.

Under the record before us, our conclusion is that the wife of the defendant was a necessary party, and it was error to proceed without her. (*Hauser v. Power*, 351 Ill. 36, 39.) We cannot consider appellee's

suggestion, outside the record, that she entered her limited appearance and was dismissed on her own motion, nor appellant's suggestion, also outside the record, that her objection to being made a party was sustained because it alleged that the attempt to make her a party was made more than two years after the completion of the contract. If either of the parties desired to raise these contentions, it was necessary to incorporate the facts in the record. Moreover, as the defendant's wife was a necessary party, the proper procedure was not to dismiss her, even on her own objection or motion, but to find and adjudicate her rights in the decree. Appellee's claim here that she was not a necessary party is inconsistent with his position taken in the trial court by making her a party, and his further contention that appellant cannot represent her on that question in this court, and that she alone could do so, has no bearing on the issue. The court will upon its own motion take notice of the omission and require the omitted necessary party to be made a party to the suit. (*Gaumer v. Snedeker,* 330 Ill. 511, 515; *Hauser v. Power,* 351 Ill. 36.)

The only issue raised by the pleadings as to the architect's final certificate is whether it is final and binding under the provisions of articles 9 and 10 of the written contract. No issue of mistake by the architect was involved. The provisions of article 10 that no certificate given or payment made, "except the final certificate or final payment, shall be conclusive evidence of the performance of this contract," imports finality to the final certificate on the question of performance.

Article 5 of the written contract, providing that the owner, in case of the contractor's default in promptness and diligence, may, upon the default being certified by the architect, and three days written notice to the contractor, furnish labor or material and deduct the expense from any money due or to become due to

the contractor, and that upon certification by the architect that such default is sufficient ground for such action, the owner may terminate the employment and complete the work at the contractor's expense, invoked by appellee as justifying the court in disallowing the items of credit to the defendant in the architect's final certificate and in finding that the architect perpetrated a gross mistake, relates only to where the owner may take over the work on account of the contractor's default, which was not done, and has no bearing on allowable credits under those provisions of article 8 which the court found to be still in force. Without entering into a detailed discussion of the items disallowed by the court, it is enough to say that the evidence in the record as presented, sufficiently shows that they were within the purview of the written contract, and were proper credits to the defendant on account of defaults by the contractor, and should have been allowed by the trial court, even regardless of the provisions of paragraph 10 of the written contract.

We have carefully examined the testimony and the argument of counsel as to several other items of credit allowed to appellant, and items for extras disallowed to appellee, by the decree, and find no error therein. It would serve no good purpose to prolong this opinion by detailing them.

We do not find any error in the court's failure to find that the defendant's son testified falsely that he told the plasterer that he had done a bum job, and that the plasterer admitted it was a poor job but was the best he could do under the existing temperature. While the plasterer denied the statements, that does not necessarily mean that the defendant's son testified falsely.

Appellee devotes considerable space in his brief to the argument that the defendant testified falsely about keeping an account on a calendar of the hours spent by the contractor's employees in ditching, but the

figures on the calendar of the number of hours total the same as the charge of the contractor in his statement of account, and we observe no reason for discrediting the defendant.

The decree is reversed and the cause is remanded with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded.*