Laura C. Fahey, Wayne D. Rudd, a Minor, by Miriam
A. Rudd, his Mother and Next Friend, and Miriam
A. Rudd, Plaintiffs below, Laura C. Fahey, Ap-
pellee, v. Production Steel Company of Illinois,
Defendant-Appellant and Andrew Dzeadon, De-
fendant.

Gen. No. 47,314.

First District, Third Division.
February 19, 1958.
Released for publication March 7, 1958.

Peterson, Lowry, Rall, Barber & Ross, Marshall,
Shanner & Ross (Owen Rall, Harold W. Huff, and

Herbert C. Loth, Jr., of counsel) for Production Steel Company of Illinois, defendant-appellant.

Owens, Owens & Rinn, for appellee.

JUSTICE BRYANT delivered the opinion of the court.

This is an action for damages for personal injuries which were received on January 12, 1952 when an automobile, driven by Andrew Dzeadon, who was the owner of the automobile, collided with an automobile in which the plaintiff was riding. Andrew Dzeadon was employed by the Production Steel Company of Illinois at its plant in Westchester as a maintenance man. On the day in question he had left the plant about 5 o'clock in the evening and driven to his home. When he arrived home he was called by his superior, James Copeland, at the plant operated by the Production Steel Company of Illinois and told to return to the plant on an emergency call. When the collision occurred he was on his way back to the plant and within a block thereof. He continued to the plant, finished his repair work and mentioned to Mr. Copeland that he had been in an accident.

On April 7, 1952 suit was filed in the Superior Court of Cook county by the plaintiffs, making Andrew Dzeadon sole defendant and alleging his negligence and his wilful and wanton misconduct in the operation of the automobile. Summons was issued and served upon Dzeadon by leaving a copy with his wife, and on May 5, 1952 his appearance and answer were filed in the proceeding. On January 6, 1955 a discovery deposition was taken, and the plaintiffs later alleged that that was the first information they had had of the agency of Dzeadon with the Production Steel Company of Illinois. On January 18, 1957 an order was entered granting the plaintiffs leave to file an amended

complaint, making the Production Steel Company of Illinois an additional defendant and directing that summons issue to it. The amended complaint was filed that day. It alleged the existence of the agency between Dzeadon and the Production Steel Company of Illinois at the time of the occurrence on January 12, 1952. On February 14, 1957 an appearance was filed on behalf of the Production Steel Company after a service of summons which had taken place on January 28, 1957. Thereafter the corporate defendant filed a motion to dismiss, urging the statute of limitations, and on March 21, 1957 the motion was denied. The corporate defendant answered the amended complaint. A trial was had and the statute of limitations was argued to the trial court, on motions for directed verdicts, which were denied. A joint verdict was returned against both defendants, Andrew Dzeadon and the Production Steel Company of Illinois, and, on the post-trial motion, argument was had, limited to the question of the statute of limitations insofar as the corporate defendant was concerned, and that motion was denied. This appeal is by the corporate defendant only, Production Steel Company of Illinois, and is limited solely to the question of the application of the statute of limitations and the right of the plaintiffs to amend their complaint to add a new party defendant on January 18, 1957, more than five years after the accident occurred and more than two years after the plaintiffs admittedly discovered the agency allegedly existing between the individual defendant, Andrew Dzeadon, and the corporate defendant, Production Steel Company of Illinois.

Although there were certain allegations in the amended complaint making the Production Steel Company of Illinois a party defendant which indicated that the plaintiffs were alleging compliance on their part with chapter 110, Illinois Revised Statutes, sec-

tion 46(4), and points were made and argued in the briefs of both the appellant and the appellee in regard to the sufficiency of the proofs to show compliance by the appellee-plaintiff with that particular section as a defense to the error claimed by the appellant, still, upon the oral argument, the appellee-plaintiff waived all reliance of compliance with section 46(4) and rested entirely upon the nonapplicability of the statute of limitations (which was the basis of the court's ruling in allowing the filing of the amended complaint against the corporate defendant more than five years after the occurrence), and solely upon the provisions of chapter 110 Illinois Revised Statutes, section 46(1) and 46(2).

It is admitted by all that the statute of limitations which applies to personal injuries provides for commencement of the action within two years from the date of the occurrence or from its accrual.

As the cause of action accrued on January 12, 1952 and the original complaint filed by the plaintiffs against the individual defendant, Andrew Dzeadon, was filed on April 7, 1952, there is no doubt that the original complaint was filed well within the period of the statute of limitations.

The amended complaint, which for the first time made the corporate defendant (the appellant here) a party, was filed on January 18, 1957—more than five years after the occurrence and the accrual of the cause of action. It was subsequent to the filing of the amended complaint that summons was first served upon the corporate defendant and that all of the proceedings relating to that defendant took place, including the motion to strike the amended complaint, and the trial, including the denial of the motions for directed verdicts, and the verdict, followed by the post-trial motion—all relating to the applicability of the statute of limitations to the corporate defendant.

315

██ There remains the sole question whether the liberal provisions in regard to amendments contained in Chapter 110, Illinois Revised Statutes, section 46, as interpreted by the courts of this state, are sufficiently broad to grant the power of amendment to add an additional party defendant after the period of the statute of limitations has passed. It is obvious that the section must be construed as a whole. It is also equally obvious that paragraph (4), which has been recently added to the section, provides a method and describes a situation under which that end may be accomplished, and by that provision impliedly negatives the idea that that result could be accomplished in any other way than that set forth in the added sub-paragraph.

A consideration of the decisions in Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill. 222, Desiron v. Peloza, 308 Ill. App. 582, and Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill.2d 273, indicates that the factual situations therein do not apply to the situation involved in this case. At the same time, a consideration of Fitzpatrick v. Pitcairn, 371 Ill. 203, decided before paragraph (4) of section 46 was enacted, indicates that paragraphs (1) and (2) of section 46 do not afford relief in regard to amending a complaint for the purpose of adding a new defendant after the statute of limitations has run, and points up the necessity and purpose of the enactment of paragraph (4) of section 46 and the necessity of complying with its provisions to achieve the result desired.

Since it is admitted by the appellee that she is not relying upon her alleged compliance with section 46 (4), this effectually disposes of the question of the right to bring this defendant into this proceeding by amendment of the complaint after the applicable statute of limitations has run.

The judgment of the trial court against the corporate defendant, the Production Steel Company of Illinois, will be reversed.

Judgment as to Production Steel Company of Illinois is reversed.

BURKE, P. J. and FRIEND, J., concur.