**Floyd M. Anderson, Plaintiff-Appellant, v. W. D. Gousset, Defendant-Appellee.**

Gen. No. 64–57.

Third District.

June 9, 1965.

Ronald J. Dusenbury, Swain and Dusenbury, of Kankakee, for appellant.

Eva L. Minor, of Kankakee, for appellee.

ALLOY, P. J.

This is an appeal from an order of the Circuit Court of Kankakee County allowing a motion to dismiss the complaint of Floyd M. Anderson which had been filed to foreclose a mechanic's lien on land owned by defendant W. D. Gousset. The action was filed on August 28, 1963, and there was a prayer that the premises be sold to satisfy the claim. The action was brought within two years after plaintiff had completed the improvements referred to in the complaint, the completion date being September 23, 1961. Thereafter, the defendant filed an answer and the case was set for hearing in December of 1963 at which time defendant moved that plaintiff's complaint be dismissed for nonjoinder of a necessary party, namely the wife of defendant whose interest in the property was an inchoate right of dower. Plaintiff thereupon asked leave to amend the complaint joining defendant's wife as a proper and necessary party defendant. Defendant objected on the ground that the complaint could not be lawfully amended to include the wife after the two-year statutory period for filing the mechanic's lien foreclosure had expired. The Court then entered a decree allowing the motion to dismiss.

On appeal in this Court, both parties assert that the defendant's wife was a necessary party and plaintiff further contends that the proper procedure was to allow plaintiff's amendment to the complaint joining the wife as a necessary party on the premise that such amendment relates back to the date of filing the original pleading. It was the position of the trial court and likewise of the defendant on appeal in this Court that the defendant's wife, Olive Gousset, could not be made a party defendant on motion more than two years after the completion of the alleged contract which was the basis of the action to foreclose a mechanic's lien.

■ The Mechanics' Liens Act is designed for and contemplates a single action to foreclose the lien and for enforcement thereof. All lien claimants and other persons known to be interested in the premises must be joined either as plaintiffs or defendants, so that the Court can adjust all equities and render a decree properly distributing all of the proceeds of sale (Leffers v. Hayes, 327 Ill App 440, 64 NE2d 768; Bingaman v. Dahm, 307 Ill App 432, 30 NE2d 509). The joinder of a spouse is obviously contemplated since the Act provides specifically that a mechanic's lien would have priority over the dower interest of the spouse.

■ Both parties agree that defendant's wife was a necessary party to the action, principally because under section 1 of the Mechanics' Liens Act (Illinois Revised Statutes, chapter 82), a mechanic's lien is made superior to the right of dower of husband or wife provided the owner of the dower interest has knowledge of the improvement and did not give written notice of objection to the same. To become effective this, necessarily, would require that the owner of the dower interest be made a defendant and that it be alleged and proven that he or she had knowledge of the improvement and did not object (Leffers v. Hayes, 327 Ill App 440, 64 NE2d 768). Filing of an abstract of record was excused in this case and we are justified in relying on the briefs filed in this Court which specifically assert, on part of plaintiff, that the plaintiff was entitled to foreclosure and sale of the premises and that the spouse was a necessary party. Defendant likewise asserts that the sole issue in the case was clear and simple and was simply: "Could the wife of the defendant be brought into the case as a party defendant after the expiration of the two-year period of limitations, where no attempt was made to make a showing as required by section 46(4) of the Civil Practice Act?" We must assume, therefore, for the pur-

poses of this case that plaintiff asserts the right to make the spouse a party defendant after the expiration of the two year period with the further right to proceed to make a showing, if it could be made, that the spouse had knowledge of the improvement and did not object to it. Under well established rules of procedure, this assumption will be conclusive in this Court since we will not search the record for the purpose of reversal but only to affirm (In Re Petition to Annex Certain Territory, 42 Ill App2d 432, 192 NE2d 553). What we have to say in this case, therefore, may or may not be a guide or precedent in a case where no attempt is made to affect the interest of a spouse. The parties also recognize that an action to foreclose a mechanic's lien is required to be filed within two years after completion of the contract or such right cannot be invoked (Ill Rev Stats c 82, §§ 7 and 9).

Under the Civil Practice Act, liberal provisions are available for amendment any time before final judgment (Ill Rev Stats c 110, § 46(1)) and joinder in mechanic's lien procedures is permitted under the provisions of the Mechanics' Liens Act (Ill Rev Stats c 82, § 11). The basic problem before us, however, is not one simply of allowing an amendment but whether a party defendant can thereby be deprived, in effect, of the defense of the Statute of Limitations, or whether such amendment can, in effect, eliminate objections raised by such party defendant based upon filing as against such Defendant after the two-year limitation period specified in the Mechanics' Liens Act.

The courts of this State have pointed to the distinction between an amendment which states a new cause of action relative to the running of the Statute of Limitations and one which does not, in the case of Pipe Trades, Inc. v. Lemon, 346 Ill App 216, 109 NE2d 562. In that case it was concluded that introducing by amendment an essential element of the cause of action

which was originally omitted, is considered a new cause of action and that where a statement of claim to foreclose a mechanic's lien, originally filed within the two-year period, omitted a necessary party an amended statement of claim filed after the two-year period was the beginning of an action against the new defendant and the right to foreclosure was lost. In North Side Sash & Door Co. v. Hecht, 295 Ill 515, 129 NE 273, the court pointed out that the time fixed for commencing an action under the Mechanics' Liens Act is a condition of liability itself and not of the remedy alone. The provisions of the statute creating the lien requiring the suit to be filed within a specific period is more than an ordinary statute of limitation and goes to the existence of the right itself. The court pointed out that it is a condition attached to the right to sue as a basic matter. The court then went on to conclude that inasmuch as the limitation of the time to sue is considered not merely of the remedy, but of the right of action itself, the cause of action itself exists subject to the limitation and the complaint must allege or state facts showing that the action is brought within the time prescribed by statute. The court then observed that the amended complaint first contained the essential averment, and that the suit was not begun until the amended complaint was filed, and, therefore, that no lien was established.

While the North Side Sash & Door case preceded the enactment of the Civil Practice Act, it serves to point up a basic issue in the case before us. Under the terms of the Civil Practice Act (Ill Rev Stats c 110, § 46(4)), it is now specifically provided that a cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which the action may be brought or the right asserted if all of certain terms and conditions are met including the service

of summons upon the person; knowledge of that person within the time the action might have been brought or the right asserted against him that he knew that the original action was pending; and that it grew out of a transaction or occurrence involving or concerning him; and that for the purpose of preserving the cause of action under those conditions, an amendment adding the party as a party defendant would relate back to the date of the filing of the original pleading so amended. In the record before us, no such service of summons or knowledge was shown. Similarly, under section 11 of the Mechanics' Liens Act in defining necessary parties, where provision is made that any such persons may become parties at any time before final judgment, the court in North Side Sash & Door Co. v. Hecht, supra, indicated that the section was simply declaratory of the right to amend and it did not purport to authorize an amendment that would be effective as against the plea of the Statute of Limitations from the beginning of the original suit.

Appellant in this case has cited in support of his position the case of Krunfus v. Winkelhake, 44 Ill App2d 124, 194 NE2d 24. The principles announced in that case, however, have been modified by the well-considered case of Nupnau v. Hink, 53 Ill App2d 81, 203 NE2d 63, and the conclusions of that court are applicable equally to mechanic's lien cases of the type involved in the instant case. In the Nupnau case, within nine months after probate of a decedent's will, certain beneficiaries under a prior will brought a suit to contest the probated will. The executor, who was also an heir, and three legatees were named defendants. About six other heirs were not made defendants. Section 90 of the Probate Act (1963 Ill Rev Stats chapter 3, section 90) provides that within nine months after the admission of a will to probate any interested person may file a complaint to test the validity of the

314

will. The following section provides that the executor or administrator with will annexed and all the heirs, legatees and devisees of the testator shall be made parties to the suit. After the nine-month period had expired defendants moved to dismiss the complaint for failure to join all necessary parties. The plaintiffs first argued that they should be excused from including the omitted heirs as parties because such heirs would have no interest in defending the will and the presence of the heirs would serve no useful purpose. They also contended that the heirs should be added as defendants by an amended complaint to be filed nunc pro tunc as of the date of the filing of the original complaint. The Trial Court entered an order dismissing the suit which was affirmed in the Appellate Court.

In considering the case, the Appellate Court reviewed many principles which we have indicated are applicable alike to mechanic's lien cases. In referring to the Krunfus case, the Court stated that that case based its conclusion in part at least on the proposition that enforcement of the time limit prescribed by section 90 of the Probate Act "would cause a direct conflict with the provisions of section 46 and the mandate of section 26 of the Civil Practice Act." Section 26 provides that no action is to be dismissed for misjoinder of party or for non-joinder of parties without first affording reasonable opportunity to add them as parties; that new parties may be added and parties misjoined may be dropped by order of the Court at any stage of the cause before or after judgment as the ends of justice may require and upon terms which the Court may fix. The Court in the Nupnau case stated (53 Ill App2d 81, at 98) that if section 26 were to be considered a mandate of sufficient authority to override the limitation period of Section 90 "then the same authority would be sufficient to nullify all other statutes imposing any type of time limitation. It is our

315

understanding of this section that it was intended to give way in confrontation with specific limitation provisions, and that it does not confer on the Court a discretion to decide that adding of parties is 'reasonable' or required by 'the ends of justice' when limitation statutes have commanded that it shall not be done."

The Court also pointed out that the Krunfus opinion's interpretation of section 46 was wrong. Section 46 provides that amendments may be allowed on reasonable terms before final judgment adding any party and discontinuing as to any defendant changing the cause of action or defense and adding new causes of action or defenses which may enable the plaintiff to sustain the claim for which it was intended to be brought or defendant to make a defense or assert a cross-demand. We have heretofore set forth the essential provisions of section 46(4) of the Civil Practice Act which was designed to overcome the objections raised in Fitzpatrick v. Pitcairn, 371 Ill 203, 20 NE2d 280, that the section did not afford authority for amendment of a complaint for the purpose of adding a proper party defendant after the pertinent time limit had run even though the proposed defendant, or his agent, had been served with summons under the prior pleading. The Court in the case of Nupnau v. Hink pointed out specifically that the enactment of such paragraph (53 Ill App2d 81, at 100) "did not alter the basic rule prohibiting the addition of defendants after the running of the time limit. It merely provided relief for a plaintiff who, through inadvertence, etc., had sued the wrong defendant but with service of summons on the agent of the right defendant." The court then pointed out that the Krunfus decision was in error in applying this section to cover the addition by amendment of defendants who were in no way parties under the prior pleading.

316

The Court in that case also pointed out that the Court in Fahey v. Production Steel Co. of Illinois, 16 Ill App2d 312, at 316, 148 NE2d 6, in considering Section 46 (Paragraphs 1 and 2) stated expressly that a consideration of the decisions in Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill 222, 15 NE2d 838, and other similar cases indicates that factual situations therein do not apply to a situation involved in the case before the Court, and that Fitzpatrick v. Pitcairn, 371 Ill 203, 20 NE2d 280, decided before Paragraph (4) of section 46 was enacted indicates that paragraphs (1) and (2) of section 46 do not afford relief in regard to amending a complaint for the purpose of adding a new defendant after the Statute of Limitations has run. It also points out the necessity and purpose of the enactment of section 46, paragraph (4) of the Civil Practice Act and the necessity of complying with its provisions to achieve the result desired. The Court in the Nupnau case stated that while the Fahey decision covered a statute of limitations rather than a statute imposing a time limit as a condition of jurisdiction (such as we have in the instant case), the language of section 46 covers both, with the latter circumstance presenting an even stronger case.

The Court in the Nupnau case after pointing out that a denial to a newly added defendant of his right to defend on the ground of expiration of a statutory time limit would possibly infringe on his constitutional right, then goes on to state that the Krunfus interpretation impedes rather than accomplishes implementation of public policy as expressed in the statute, and the Court states (53 Ill App2d 82, at 103):

"No valid reason occurs to us why such a plaintiff should be permitted to pick and choose from among the necessary parties, leaving it up to the defendants or the court to bring in for him those parties he might decide to leave out; or be per-

mitted to bring them in himself whenever he might see fit, either before or after the time limit established in the statute. In every case in which parties would be added after expiration of the statutory period there would, of necessity, be some delay (long or short) as compared with the same case if all parties had been brought before the court within the time limit; and by just so much would the purpose of the statute be defeated in effectuating the public policy favoring expeditious settlement of estates."

Similar public policy expressed in the Mechanics' Liens Act would likewise be defeated since that Act and the interpretations of that Act favor expeditious disposition of all the various interests of parties by an action originating purely in statutory legislation and required to be filed within a two-year period after completion of improvements.

We must, therefore, conclude that the Trial Court properly found that none of the provisions of the various acts or the precedents operated to deprive defendant of the defense of the statute imposing a time limit of two years for filing of actions as against the spouse and, on the basis of the cause as submitted to us, the action of the Trial Court was proper and should be affirmed.

The order of the Circuit Court of Kankakee County will, therefore, be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.