James M. BURROWS, Plaintiff and Respondent,

v.

Paul McGILL, Individually, et al., Defendants and Appellants.

No. 14621

Supreme Court of Utah.

April 14, 1977.

---

**2.** Utah Code Ann., Sec. 76–6–201(4)(a) (Supp. 1975).

Jack L. Schoenhals, James H. Faust, Salt Lake City, for defendants and appellants.

John C. Green, Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This is an appeal from a summary judgment awarding respondent (as plaintiff) his share in a profit sharing and retirement plan and also an order dismissing appellants' counterclaim.

Mr. Burrows had worked for the defendants for some fifteen years and was eligible to share in a profit sharing and retirement plan. On December 26, 1974, Burrows was informed that his services would be terminated as of January 7, 1975.

The three individual defendants were the members of the Administrative Committee in charge of the plan. Paul McGill was also the president of the corporate defendant, P M Engineers, Inc. The plan contained the following material provisions:

2. (a) If a Participant's employment with the Company is terminated, except for retirement or by death and except as provided in paragraph 7 of this Article, after he has been a full time employee of the Company for two (2) years or more, he shall have a vested interest in the amount then standing to his credit equal to ten percent (10%) of such amount plus ten percent (10%) of such amount for each full year of full time employment in excess of two (2), up to a total vested interest in such amount of eighty-five percent (85%). *Within sixty (60) days of such termination date he shall be paid the amount standing to his credit* in one lump sum, or, if the Committee elects to pay him such sum in approximately equal annual installments over a period of years not in excess of ten (10), he shall be paid the first of equal annual installments within sixty (60) days of such termination data [sic]. . . . [Emphasis added.]

7. If a Participant's status as an employee ceases because of his discharge from employment for material dishonesty or material violation of, or refusal to follow the instructions of the board of directors of the Company, the Company shall promptly notify the Committee of the discharge of a participant for either of these causes and the Committee shall then determine whether the Company had just cause for such discharge. *Any determination by the Committee that the provisions of this Article are applicable shall be made within ten (10) days after the receipt by the Committee of notice of discharge.* . . . [Emphasis added.]

At the time of termination of his services, Mr. Burrows had a vested benefit interest of over $20,000 in the plan. The members in charge of the plan were also participants therein and would share in any amount of respondent's interest which could be forfeited.

Payment was refused and Mr. Burrows commenced this action to recover his share of the plan. In granting the motion for summary judgment, the trial court based his ruling upon the failure of the Committee to follow the rules of the plan wherein it was provided that the Committee *shall* determine whether or not the company had just cause for the discharge and *shall* make that determination within ten days after being notified of the discharge.

There is nothing which shows the date when the Committee was notified of the discharge, but all members testified at their depositions that they had notice of the matter. The Committee did not, within ten days or at all, notify Mr. Burrows of their decision that he was properly discharged.

Since the Committee failed to find that respondent was · properly discharged and failed to notify him of that fact, the provision of Section 2 set out above comes in to play, and the vested amount due should have been paid within sixty days after the termination.

We think the trial court was justified in ruling as it did; however, there is a further reason which would permit the ruling as made to stand. In his brief, the respondent relied solely on the failure to comply with the provisions of the plan to have us affirm the judgment, but we may, in addition thereto, search the record when it would affirm the trial court.[1]

Mr. Burrows claimed that he was told the reason for his termination was because he did not make the minimum requisite purchases of company stock and stock in other related companies controlled by Mr. Paul McGill. Mr. McGill claimed that Mr. Burrows was terminated because he was removing material from a job site where he was working and for charging unauthorized mileage and overtime.

There is thus a disputed claim regarding a material question of fact, to wit: was termination made because of dishonesty on the part of Mr. Burrows or was it because he refused, as was his right, to purchase stock in companies operated by McGill?

In a motion for summary judgment, an allegation or a claim will not be permitted to stand as against an affidavit or testimony to the contrary. In this case, it appears that material was removed from the job site by the respondent without the permission of Mr. McGill. However, it also appears by depositions that such material as was removed belonged to subcontractors on the job site and was taken with the permission and approval of the owners thereof.

As to the claim of unauthorized mileage made by respondent, it is not shown or claimed that the mileage was not for company business—it simply did not have the prior approval of Mr. McGill. Likewise, the overtime is not claimed to be fraudulent. Burrows worked and was paid for overtime performed for the company. It was after the termination that Mr. McGill determined that he had not authorized the .overtime work before it was done.

There were no counter-affidavits or sworn statements by way of deposition which would tend to show that the respondent, Burrows, had been dishonest or had failed to follow directions of the Board of Directors in any particular. There was thus no disputed issue of fact which would prevent the granting of a summary judgment in favor of Mr. Burrows as was done in this case.

The conduct of Mr. Burrows might have justified Mr. McGill's firing him as an employee for it might be that an inspector should not accept favors from subcontractors under any condition. Naturally Mr. McGill wanted to have his employees to be like Caesar's wife—above reproach—but the taking of scrap material from the job site with the permission of the owner does not appear to be the type of material dishonesty contemplated in the rules of the profit sharing plan.

Other assignments of error made have been considered, but we find that they are without merit.

The judgment of the trial court is affirmed. Costs are awarded to the respondent.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

---

1. 5 C.J.S. Appeal and Error § 1464(1); *Anderson v. Gousset*, 60 Ill.App.2d 309, 208 N.E.2d 37 (1965).