## William J. Calhoun v. John Munro Ross.

1. FOREIGN JUDGMENTS—*Suits on, Authentication of.*—Foreign judgments may be proved by copies thereof, duly authenticated by the duly authenticated certificate of the officer properly authorized by law to give such copies.

2. JUDICIAL NOTICE—*Dominion of Canada.*—The court takes judicial notice of the organization of the dominion of Canada.

3. JUDGMENTS—*Presumptions.*—A judgment of a court of general jurisdiction must be held to have been rendered in the due exercise of that jurisdiction over the subject-matter and person, unless the contrary is shown.

Debt, on a foreign judgment. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 17, 1895.

WALKER, JUDD & HAWLEY, attorneys for plaintiff in error, contended that in order to lay a proper ground of recognition of any foreign judgment, it is indispensable to establish that the court, pronouncing such judgment, should have a lawful jurisdiction of the cause, over the thing, and over the parties.

If the jurisdiction fails as to either, it is to be treated as a mere nullity, having no obligation, and entitled to no respect beyond the domestic tribunals. And this is equally true, whether the proceedings be *in rem* or *in personam*, or *in rem* and also *in personam.* Story's Conflict of Law, 3d Ed., 983.

No part of a record, by itself, can have the same effect

that it does when taken in connection with the whole of the record. A judgment against a party without notice, either actual or constructive, is void. It is not a judgment; it is a blank, as if it had not been written. Vail v. Iglehart, 69 Ill. 334; Smith v. Smith, 17 Ill. 483; Eamiston v. Schwartz, 13 Serg. & Rawle 135; Vance v. Reardon, 2 Nott & McCord 299; Dismukes et al. v. Musgrave, 8 Martin (L. A. & N. S.) 375; Ingham v. Crary, 1 Pa. 389; Drake v. Granger, 22 Fla. 356; Bimeler v. Dawson et al., 4 Scam. 542.

PADEN & GRIDLEY and GROVE E. WALTER, attorneys for defendant in error, contended that where the record of a court of general jurisdiction is silent respecting the existence of some jurisdictional fact, the record itself is at least prima facie evidence of jurisdiction.

In Dunbar v. Hallowell, 34 Ill. 168, an action of debt was brought upon a judgment of a Circuit Court in New York. The record was silent as to whether there was service of process on the defendant. The court held that jurisdiction would be presumed. Judge Lawrence in his opinion disposes of the case as follows :

"It is contended by the plaintiff in error that this record is not even prima facie evidence of jurisdiction. This is the only question presented for the decision of the court. We consider the point too well settled for serious controversy. The judgment itself is prima facie evidence of jurisdiction." Citing Horton v. Critchfield, 18 Ill. 135, and other cases. See also Grignon v. Astor, 2 How. (N.Y.) 319; Galfin v. Page, 18 Wall. 350; Black on Judgments, Sec. 271; Vail v. Iglehart, 69 Ill. 334; Bimelar v. Dawson, 4 Scam. 536; Gunn v. Peaks, 36 Minn. 178; Bruckman v. Taussig, 7 Colo. 561; Freeman on Judgments, Sec. 403, and note; Horton v. Critchfield, 18 Ill. 433; Dunbar v. Hallowell, 34 Ill. 166; Baker v. Palmer, 83 Ill. 568; Greenleaf on Evidence, Sec. 514.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of debt on a Canadian judgment.

Pleas *nul tiel record*, and *nil debet*, and trial by the court. There are two questions in the case:

First, is the exemplification of the record properly certified?

Second, if it be, is the record sufficient to show a valid judgment?

As to the first, there is the certificate under his official seal of the local registrar of the High Court, Sault Ste. Marie, "that amongst the common pleas enrolled in our High Court of Justice for the Province of Ontario, Common Pleas Division at Sault Ste. Marie * * * it is thus contained." Also the certificate, apparently under the same seal, of the inspector of public offices, that the signature to the first certificate is the signature of the local registrar. Also under the same seal a certificate of the president of that court that the person certifying as local registrar is such, and the signature genuine. And last, a sweeping certificate by the lieutenant-governor of the Province of Ontario, under the seal of the province, to the existence of the court, the official positions of the persons certifying as president and local registrar, the genuineness of their signatures, and that the local registrar has the legal custody of the records of the court.

This last certificate is signed, "By Command, J. W. Insor, Secretary of the Province of Ontario."

This certificate as well as the first mentioned is addressed " Victoria, by the Grace of God, of the United Kingdom of Great Britain and Ireland, Queen, Defender of the Faith, etc., etc.  To all to whom these presents shall come, Greeting."

With some misgiving, we hold that we are to assume, or take judicial notice of the organization of the Dominion of Canada, of which the last certificate says that the Province of Ontario is part, and therefore to treat these certificates as competent proof of what they state.  Gunn v. Parker, 36 Minn. 177, and cases there cited.

As to the second question, the record thus certified is only of the judgment by itself, purporting to be upon a

verdict. No process, appearance, pleading, trial, verdict—nothing preceding the judgment—is in the record produced.

This suit was commenced in the Circuit Court on the 27th of March, 1894, and the summons served on the 2d of April. The judgment at Sault Ste. Marie was rendered November 20, 1893.

Whether there be any presumption that the plaintiff in error resides here or not, the proximity of these dates suggests that great burdens may be imposed upon our citizens by the rule that a judgment of a court of general jurisdiction must be held to have been rendered in the due exercise of that jurisdiction over person and subject-matter, unless the contrary be shown. Dunbar v. Hallowell, 34 Ill. 168.

It would be safer, the affirmative being much easier proved than the negative, if the jurisdiction, at least, over the person, were required to be shown, as in Thurber v. Blackbourne, 1 N. H. 242, and Allen v. Blunt, 1 Blatchford, 480. Perhaps this last case is distinguishable because of the peculiar character of the United States judicial system. But we must follow the Supreme Court and affirm the judgment.