PORTER & TRASK, Appellees, *vs.* THE WESTERN TUBE COMPANY, Appellant.

*Opinion filed April 23, 1909—Rehearing denied June 2, 1909.*

This case is controlled by the decision in *Granquist* v. *Western Tube Co.* (*ante,* p. 132.)

SCOTT, J., and CARTWRIGHT, C. J., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

KNAPP, HAYNIE & CAMPBELL, and MARK BREEDEN, JR., for appellant.

NICHOLAS J. DEMERATH, and H. STERLING POMEROY, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a suit to establish a sub-contractor's mechanic's lien. The bill was filed June 20, 1906, in the circuit court of Henry county, and a decree entered thereon finding that the appellees were entitled to a lien on a part of the premises specified in the bill for $1717.73 and were entitled to $171.77 attorney's fees. Upon an appeal to the Appellate Court for the Second District that court affirmed the decree as to the lien but reversed it as to the allowance of attorney's fees. This appeal followed.

The legal questions raised in this case are identical with those raised in *Granquist* v. *Western Tube Co.* (*ante,* p. 132,) and the facts, if not in every respect identical, are substantially the same in the two cases. While the petition in this case did not state that Granquist claimed a lien on the premises, (as the petition in the *Granquist case* did in reference to Porter & Trask's claim for lien,) still the evidence disclosed in the trial of this case that Granquist

had a claim as a sub-contractor. When that fact appeared in the trial of the case appellees should have made Granquist a party. The decision in *Granquist* v. *Western Tube Co. supra,* must control in this case.

For the error committed by the circuit court in entering a final decree without having all necessary parties before the court, and the error of the Appellate Court in affirming that decree, the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court of Henry county for further proceedings in accordance with the views expressed in that opinion.          *Reversed and remanded.*

SCOTT, J., and CARTWRIGHT, C. J., dissenting:

We are unable to concur in the conclusion of the majority for the reasons stated in the dissenting opinion in *Granquist* v. *Western Tube Co. (ante,* p. 132.)