**Herbert Boiler Company, Defendant in Error, v. Sarah Jane Lewis ˙and James A. Riggs, Plaintiffs in Error.**

## Gen. No. 19,143.

1. MECHANICS' LIENS, § 173*—*word "owner" construed.* The word "owner" in section 28 of the Mechanics' Lien Law (J. & A. ¶ 7166), providing that "all suits and actions by subcontractors shall be against both the contractor and owner jointly," etc., must be construed to mean "owners" where the title is held by more than one person.

2. MECHANICS' LIENS, § 202*—*when judgment improperly entered against one of the owners.* In a suit by a subcontractor against the contractor and two persons who were owners of the premises to recover for materials furnished and for a mechanic's lien, the suit was dismissed as to one of the owners and judgment was entered against the other ˙owner and the contractor. *Held* that the judgment was erroneous as not being entered against all the owners of the property.

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 10, 1914.

EDWARD H. MORRIS, for plaintiff in error, Sarah J. Lewis.

PAUL LARMER, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a suit brought by a subcontractor against the contractor and owners of certain premises for which materials were furnished by the former. Default and judgment were taken against the contractor for want of an affidavit of merits and on plaintiff's motion the suit was dismissed as to one of the owners, the husband of plaintiff in error.

Section 28 of the Mechanics' Lien Law (J. & A. ¶ 7166) provides: "All suits and actions by subcon-

tractors shall be against both the contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court. * * * All such judgments, where the lien is established, shall be against both jointly,'' etc.

Manifestly the word "owner" must be construed to mean "owners" where the title to the premises is held by more than one person. The only proof on the subject, and that was introduced by plaintiff, was that Mr. and Mrs. Lewis were the owners of the premises in question. It was improper, therefore, to dismiss him out of the case. Under the statute he was a necessary party to the action. The judgment, being against one and not all the owners of the property as well as the contractor, was improperly entered, and will be reversed and the cause remanded.

*Reversed and remanded.*