**Henry DeCicco & Co., et al., Plaintiffs-Appellees, v. Abraham Drucker, Herman Drucker, City of Chicago, a Municipal Corporation, C. E. Pappas, C. J. Parr and Brunswick Corporation, Defendants, Abraham Drucker and Herman Drucker, Defendants-Appellants.**

Gen. No. 51,969.

First Judicial District.

October 31, 1968.

Rehearing denied November 26, 1968.

Abraham Drucker, of Chicago (Sidney Z. Karasik, of counsel), for appellants.

Vincent F. Lucchese, of Chicago (David Brandwein, of counsel), for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

This is an action to foreclose a mechanic's lien claim for labor and materials furnished by plaintiff to paint, decorate and repair the interior of a building housing a bowling alley. At the conclusion of a bench trial conducted by a magistrate, a finding was made that certain defendants owed plaintiff a balance of $1,530 for said work, and judgment was entered thereon. A decree of foreclosure was entered whereby the property would be sold to satisfy the judgment. From that judgment and decree this appeal is taken by defendants Abraham and Herman Drucker, the owners of the premises.

We do not detail the facts because an issue of whether all necessary parties were before the court has been

raised, which, in our opinion, requires a retrial of the case.

Vera Drucker, wife of one of the owners, was not named as a party defendant in the original complaint. Although she was so named in the second amended complaint, she was not served with summons until November 18, 1966, which was after the trial and after the date of the final judgment and decree of foreclosure. Nevertheless, the foreclosure decree of November 9, 1966, provided "that the Sheriff of Cook County shall retain out of the proceeds of the said sale, as fees, a sum sufficient to satisfy dower rights of defendant, Vera Drucker, disbursements and commissions, and shall pay all costs to the persons entitled to receive the same."

■ Since Vera Drucker was not properly before the court, the decree of foreclosure was defective. While not an owner of the premises, Mrs. Drucker nonetheless had a dower interest therein by virtue of her being the wife of one of the fee owners.

Section 1 of the Mechanics' Lien Act, Illinois Revised Statutes, chapter 82, provides that such a lien "shall be superior to any right of dower of husband or wife in said premises: Provided, the owner of such dower interest had knowledge of such improvement and did not give written notice of his or her objection to such improvement before the making thereof." Since there is neither allegation nor proof in the record to the effect that Mrs. Drucker had knowledge of the work performed by plaintiff, it would follow, as plaintiff in fact concedes that plaintiff's lien is not superior to the dower interest. The question, then, is whether this dower interest is properly protected by the decree of foreclosure which merely commands the sheriff to retain from the proceeds of sale "a sum sufficient to satisfy dower rights of defendant, Vera Drucker." We are compelled to answer this question in the negative.

343

■ As previously noted, Mrs. Drucker was not served with summons until *after* the entry of the decree of foreclosure. Section 11 of the Act specifically provides that the plaintiff *shall* make all interested parties defendant, "and summons shall issue and service thereof be had as in other civil actions." This section further defines such interested parties as including "all persons who may have any legal or equitable claim to the whole or any part of the premises." It would follow that the spouse of the owner is a necessary party in a suit to enforce a mechanic's lien, and it has been so held. Anderson v. Gousset, 60 Ill App2d 309, 311, 208 NE2d 37 (1965); Leffers v. Hayes, 327 Ill App 440, 448–451, 64 NE2d 768 (1945); Love, Illinois Mechanics' Liens, par 82, p 239 (2nd ed 1950).

■ On the basis of section 11 and the cases decided thereunder, it is the opinion of this court that Mrs. Drucker had a right to participate in the proceedings below, and to defend her dower interest. It is no answer to say that the decree of foreclosure protected her, for there is nothing therein which even purports to fix, or establish a basis for fixing the value of her dower interest. Moreover, the court would not even have power to adjudicate the value of Mrs. Drucker's dower interest without her having had opportunity to plead and offer evidence on that question, as well as on any other issue concerning plaintiff's claim against the property.

■ That none of the other defendants objected in the trial court to proceeding without Mrs. Drucker is immaterial, since none of them has the power to waive her rights. We believe that Leffers v. Hayes, supra, at pages 450–451 is dispositive, for there, where a similar situation was presented, it was said:

> "Under the record before us, our conclusion is that the wife of the defendant was a necessary party, and it was error to proceed without her. (Hauser v. Power, 351 Ill 36, 39.) . . .

344

"Moreover, as the defendant's wife was a necessary party, the proper procedure was not to dismiss her, even on her own objection or motion, but to find and adjudicate her rights in the decree. Appellee's claim here that she was not a necessary party is inconsistent with his position taken in the trial court by making her a party, and his further contention that appellant cannot represent her on that question in this court, and that she alone could do so, has no bearing on the issue. *The court will upon its own motion take notice of the omission and require the omitted necessary party to be made a party to the suit.* (Gaumer v. Snedeker, 330 Ill 511, 515; Hauser v. Power, 351 Ill 36.)" (Emphasis added.)

We limit our opinion to the facts of this case and do not rule on a case in which the mechanic's lien foreclosure proceedings make no attempt to affect the interest of a spouse. See Anderson v. Gousset, supra, 312.

 Our views regarding the failure of Mrs. Drucker to be before the court, however, do not apply to the failure of Christine Pappas, a colessee, and Homer Pappageorge, an assignee of the lease, to be before the court. It appears that this lease was terminated before the entry of the final decree, and therefore those claiming thereunder would have had no interest in the premises at the time the foreclosure was ordered. Thus, they are not necessary parties and their absence would not impair a decree.

In order to facilitate the retrial, we consider certain other issues which have been raised.

 In urging a reversal of the judgment below, defendants contend, inter alia, that there was a fatal discrepancy in the identification of the "contractor" as disclosed by the agreement sued upon, by the two separate claims for lien, and by the original and the second amended complaint. It is argued that the contract was entered into by an individual, namely, "Henry De

Cicco, Painting and Decorating Service," and that the plaintiff partnership is an entirely different entity which cannot be considered to be the "contractor." We cannot agree with this contention. The fact that Henry DeCicco had a partner, not apparent from the firm's letterhead or from the original claim for lien, is in no way fatal to his rights or to the rights of the partnership. A partnership may adopt the name of but one of its partners in its firm name, though it may be competent to establish by parol proof that a contract in that name is that of the partnership. Daugherty v. Heckard, 189 Ill 239, 245, 59 NE 569 (1901); Greenleaf v. Feinberg, 210 Ill App 271, 282 (1918). In any event, none of the defendants was prejudiced or seriously misled by virtue of his not having previously known of the interest in the business of E. Cario, Mr. DeCicco's partner.

■ Further challenging plaintiff's basic right to claim a lien on the facts presented, defendants argue that painting and decorating, and the making of repairs incidental thereto, are not lienable because of the relatively impermanent nature of such work. While it is said in Love, Illinois Mechanics' Liens, par 39, pp 103–104 (2nd ed 1950), that a painting or decorating contractor may have great difficulty in establishing a lien right against a landlord's estate on the basis of his contract with the tenant, not only because of the need to prove that the landlord authorized or knowingly permitted the work, but also because of the temporary nature of the improvement, we see no reason to deny the right to claim a lien for painting and decorating under the circumstances here. Even in the treatise cited above, the author concludes that where such a contract is made *directly* with the landlord, "no reason appears why the contractor may not establish a lien against the owner's

title for this type of labor or service." Ibid., pp 104, 155. Such was the holding of Martine v. Nelson, 51 Ill 422, 423 (1869), where it was said:

> "It is first insisted, by counsel for appellant, that house-painters are not within the protection of the lien law, because, it is said, they do not, in the language of the statute, 'furnish labor or materials for erecting or repairing' a building.

> "This position is entitled to little consideration. The argument is, that the painting of a house is merely its coloring, and not a part of its erection, which, it is said, consists in lifting its walls into the air. But when we consider the object of the law, nothing can be plainer than that the legislature designed, by this act, to cover all labor or materials which the builder may choose to employ in finishing his house. If the builder protects the walls of his house from the action of the elements by covering them with a coat of paint or stucco, is it reasonable to say that he has not used these materials in *erecting* his house? The urging of such arguments is labor lost." (Italics in original.)

If the first painting of a newly constructed home is lienable, then we see no reason to exclude a subsequent painting to support a similar lien, particularly since the Mechanics' Lien Act does not distinguish between "building, altering, repairing or ornamenting" an improvement. Ill Rev Stats c 82, § 1. And where a landlord could subject his interest to a lien where he himself contracts for the painting and decorating of his premises, his interest should be no less vulnerable to such a lien where his tenant, with the authority or acquiescence contracts for such work.

347

For the reasons stated, the cause is reversed and remanded to the trial court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ABRAHAMSON, P. J. and DAVIS, J., concur.