THE CECO CORPORATION, Plaintiff-Appellant, *v.* THE BANK OF HICKORY HILLS, Trustee, *et al.,* Defendants-Appellees.

First District (4th Division)   No. 83—1041

Opinion filed June 28, 1984.

Wesley G. Hall, Eugene R. Wedoff, and Benjamin A. Streeter III, all of Jenner & Block, of Chicago, for appellant.

Mitchell S. Goldgehn and Nathan H. Lichtenstein, both of Greenberg, Keele, Lunn & Aronberg, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, the Ceco Corporation (Ceco), appeals an order of the trial court dismissing its complaint for foreclosure of a mechanics' lien against defendant, the Bank of Hickory Hills (the Bank), on the ground that a necessary party was not named in the complaint. The sole issue on appeal is whether the trial court erred in refusing to allow Ceco to amend its complaint to name the correct trust number.

We reverse and remand.

On May 29, 1980, Ceco filed a complaint against defendant Bank, Virgo Custom Builders (Virgo), and the Worth Bank and Trust Company. Ceco alleged that it is in the business of furnishing and erecting steel joists. Defendant Bank was the trustee of trust No. 1149, which consisted of real estate in Palos Hills. Virgo, the general contractor, entered into a contract with plaintiff on October 26, 1978, in which plaintiff agreed to supply and erect steel joists on the property for a price of about $55,000. Plaintiff completed its work on May 30, 1979,

but Virgo paid it only $19,405, with $35,595 owing. On August 10, 1979, plaintiff served notice on both banks that the work had been completed and that an amount was owing. On September 17, 1979, plaintiff recorded its claim for lien.

Plaintiff's complaint contained three counts: count I sought to foreclose its mechanics' lien; count II was a breach of contract action against Virgo; and count III sought recovery against the banks under a *quantum meruit* theory.

On July 3, 1980, the Bank and the Worth Bank and Trust Company moved to strike and dismiss counts I and III of plaintiff's complaint on a theory that the complaint was insufficient at law. Defendants alleged that plaintiff's complaint alleged no privity or contractual relationship between Virgo and the owner of the property and between plaintiff and defendants.

On July 19, 1980, Thomas Barnett, a subcontractor of Virgo, filed a mechanics' lien foreclosure complaint against Virgo, the banks, Ceco and other subcontractors. The Barnett case was consolidated with that of Ceco on July 27, 1981.

On April 15, 1982, defendants filed an amended motion to strike and dismiss counts I and III of Ceco's complaint, alleging that the complaint was insufficient. Defendants claimed that the Bank, as trustee under trust No. 2250, had not been joined as a proper party. On March 10, 1980, the subject property of trust No. 1149 had been transferred by the Bank to trust No. 2250. On June 15, 1982, the trial court granted defendants' motion to strike and dismiss with prejudice. On April 8, 1983, the court denied plaintiff's motion to reconsider and certified its order as final and appealable. Plaintiff appeals.

Defendant Bank argues that because of Ceco's failure to name trust No. 2250 as a necessary party defendant, the action is barred by sections 9 and 11 of the mechanics' lien statute (hereinafter the Act) (Ill. Rev. Stat. 1981, ch. 82, pars. 9, 11), since it does not name all parties in interest within the 2-year statutory period. Ceco's naming of the Bank as trustee under trust No. 1149 does not satisfy the statutory requirement because three months prior to the filing of the complaint ownership of the property in question had been transferred to trust No. 2250.

Additionally, the Bank asserts that Ceco's reliance on section 2—401(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—401(b)) is inapplicable in this case because it does not address naming the wrong party as was done here. Further, although Thomas Barnett, the subcontractor whose claim was consolidated with that of Ceco, named the Bank as trustee for the correct trust number (trust

No. 2250), Ceco is not excused from meeting the statutory requirements. The Act (Ill. Rev. Stat. 1981, ch. 82, par. 1 *et seq.*) provides an extraordinary remedy and should be strictly construed. The Bank concludes that there is no statutory or case law which permits Ceco to amend its complaint as it sought to do here.

We reject the Bank's argument. We believe that resolution of the issue in this case is to be determined according to the procedural rules governing amendment of civil complaints. The Code of Civil Procedure provides:

> "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense, or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim." Ill. Rev. Stat. 1981, ch. 110, par. 2—616(a).

Ceco argues persuasively that the erroneous trust number set forth in its complaint was merely a misnomer and that the proper and necessary party (the Bank) was at all times before the court. Ceco points out that its obvious intent was to name the Bank in its capacity as trustee for the property in question. Further, the Bank was at all times aware of the true nature of the proceeding, since a consolidated claim arising from the same transaction as that of Ceco named the correct trust number and the Bank in its capacity as trustee. Additionally, since it was the Bank itself that transferred the property from trust No. 1149 to trust No. 2250, it can be presumed that the Bank was more familiar with the history of the trust than Ceco would be.

As stated earlier, proceedings under the mechanics' lien statute, like all civil proceedings, except as noted in section 1—108(b) of the Code of Civil Procedure, are governed by the procedural rules embodied in that code (Ill. Rev. Stat. 1981, ch. 110, par. 1—101 *et seq.*). Ceco asserts that support for its argument that it should have been permitted to amend its complaint to show the correct trust number can be found in the following section of the Code of Civil Procedure:

> "A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and

conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person ***, even though he or she was served in the wrong capacity ***; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction *** involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ***." Ill. Rev. Stat. 1981, ch. 110, par. 2—616(d).

The Bank was trustee for both trust Nos. 1149 and 2250. Therefore, the Bank was the proper party for service of process and was a necessary party in any judicial proceeding regarding either trust. The Bank was present before the court under the correct trust number in the consolidated action and can hardly claim to have been unaware of the nature of the proceedings.

Amending the pleadings to name the correct trust number would not have prejudiced any substantial right of defendant Bank. Further, since the rules of practice and procedure followed in all civil cases are applicable here, the trial court should have permitted Ceco to amend its complaint. (*Malkov Lumber Co. v. Serafine Builders, Inc.* (1971), 1 Ill. App. 3d 543, 550, 273 N.E.2d 654, 659.) Equity and justice require this result in order to prevent the loss of a legitimate claim for a lien on the basis of an overly technical construction of procedure and pleadings. 1 Ill. App. 3d 543, 550.

This result does not contravene case law which calls for strict construction of the mechanics' lien statute with respect to the requirements upon which the right to a lien is based. (*Malkov Lumber Co. v. Serafine Builders, Inc.* (1971), 1 Ill. App. 3d 543, 550.) The Bank urges this court to construe the Act strictly. However, strict construction of the Act does not mean that procedural rules are to be strictly construed in the manner urged by the Bank. To do so would result in a separate set of procedural rules not only for the mechanics' lien statute, but also for every other statutory enactment or revision of the Illinois civil statutes. This is contrary to the purpose of the legislature in enacting the Code of Civil Procedure.

For the reasons discussed, we hold that the trial court acted improperly in refusing to allow Ceco to amend its complaint to name the correct trust number. The trial court's order is therefore reversed and

the cause is remanded with instructions that it be reinstated and that Ceco be permitted to amend the complaint.

Reversed and remanded, with directions.

LINN, P.J., and ROMITI, J., concur.